UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OWEN CONTINENTAL DEVELOPMENT, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:11CV1195 FRB |
| VILLAGE GREEN MANAGEMENT COMPANY, MISSOURI, LLC, d/b/a VILLAGE GREEN MANAGEMENT COMPANY, LIPTON, LLC, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Village Green Management Company-Missouri, LLC's Motion To Dismiss Count II And Count III Of Plaintiff's Petition (Docket No. 10).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.   Facts and Procedural Background**

Plaintiff    Owen    Continental    Development,    LLC ("Plaintiff"), a Missouri resident, is general partner of Owen Continental, L.P., a company which owns the Continental Building (also "the Property" or "the Building"), located in the City of St. Louis, Missouri.  Defendant Village Green Management Company-Missouri, LLC ("Defendant") is a Michigan limited liability company.  Plaintiff originally filed its three-count Petition in the Circuit Court of the City of Saint Louis, but Defendant subsequently removed the matter to this Court pursuant to 28 U.S.C.

- 1 -

§ 1332.

In its Petition, Plaintiff alleged claims of breach of contract, negligence, and fraudulent misrepresentation. In support, Plaintiff alleged that Defendant assumed management duties for the Property pursuant to a Property Management Agreement, but was responsible for various acts and omissions that caused economic harm including diminution of the Property's value, lost profits, and increased expenses.

Defendant now moves for dismissal of Counts II and III.[1] Defendant claims that Plaintiff's claim in Count II is barred by the economic loss doctrine, and that the "special relationship" exception is inapplicable. Defendant claims that Plaintiff failed to plead its claim in Count III with the requisite particularity. In response, Plaintiff conceded to the dismissal of Count II without prejudice. Regarding Count III, Plaintiff argued that it had plead its cause of action with sufficient particularity, but did alternately state that, should greater particularity be required, amendment, not dismissal, was the appropriate remedy. In reply, Defendant objected to Plaintiff's attempt to dismiss Count II without prejudice, arguing that Count II should be dismissed with prejudice.

## II.  Discussion

---

[1]While Defendant does not cite Rule 12(b)(6) of the Federal Rules of Civil Procedure, the undersigned presumes that it is one intended basis of Defendant's Motion, inasmuch as Defendant argues, inter alia, that Counts II and III should be dismissed because they fail to state claims for which relief can be granted. Regarding Count III, Defendant also argues that it should be dismissed because it fails to comply with Rule 9(b) of the Federal Rules of Civil Procedure.

When reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations contained in the Petition, and review the Petition to determine whether its allegations show that the pleader is entitled to relief. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007); Fed. R. Civ. P. 8(a)(2).  The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the challenged claim.  A claim must be dismissed under Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp.</u>, 550 U.S. at 570 (abrogating the "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp.</u>, 550 U.S. at 570).  While the Petition need not provide specific facts in support of the claims contained therein, <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam), it "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." <u>Schaaf v. Residential Funding Corp.</u>, 517 F.3d 544, 549 (8th Cir. 2008) (citing <u>Bell Atlantic Corp.</u>, 550 U.S. at 555-56 & n. 3).  A plaintiff must plead factual content that allows a  court to reasonably infer that the defendant is liable for the alleged misconduct; a petition that contains nothing more than a

bare accusation of unlawful harm will not survive a motion to dismiss.  <u>Ashcroft</u>, 129 S.Ct. at 1949.

Because this matter is before this Court pursuant to diversity jurisdiction, this Court must apply Missouri's substantive law, and federal procedural law.  <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64 (1938) (federal court sitting in diversity must apply the forum state's substantive law, and federal procedural law); <u>see also</u> <u>Winthrop Resources Corp. v. Stanley Works</u>, 259 F.3d 901, 904 (8th Cir. 2001).  In the case at bar, both parties rely upon Missouri law.  <u>Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.</u>, 528 F.3d 556, 561 (8th Cir. 2008) (internal citation omitted)(assuming that Missouri law controls where both parties relied on Missouri law).

A.    **Count II**

For its claim of negligence in Count II, Plaintiff alleges, <u>inter alia</u>, that Defendant failed to exercise "such reasonable care and competence in managing [the Building] for Plaintiff, and as such, was negligent."  (Docket No. 1, Attachment 1, at page 10).  Defendant argues that Count II should be dismissed because it is barred by the economic loss doctrine, and that the "special relationship" exception thereto is inapplicable.  While Plaintiff, in its response to Defendant's Motion, conceded the dismissal of Count II without prejudice, Defendant objected to Plaintiff's attempt to dismiss Count II without prejudice, insisting that it be dismissed with prejudice because it is barred by the economic loss doctrine.

- 4 -

As Defendant correctly notes, Missouri courts have recognized that the economic loss doctrine restricts a plaintiff's right to recover in tort for economic harm that is contractual in nature.  See Autry Morlan Chevrolet, Cadillac, Inc. v. RJF Agencies, Inc., 332 S.W.3d 184, 192 (Mo. Ct. App. 2010)(collecting cases).  "The economic loss doctrine, however, has been held not to bar an action in tort if the contract recognizes a special relationship."  Id. at 193.

The plaintiff in Autry was an automobile dealership that suffered economic loss when vehicles in its inventory were damaged by hail.  Id. at 186-88.  The plaintiff brought a negligence claim against its floor plan financing provider, the provider's employee, and the insurance agent who insured the inventory.  Id.  Although the defendants alleged that the plaintiff's claim was barred by the economic loss doctrine inasmuch as the nature of the plaintiff's action arose from the rendering of services to be provided by a contract, the Court disagreed.  Autry, 332 S.W.3d at 193-94.  Citing from an earlier decision of the Missouri Court of Appeals, the Autry Court recognized:

> The courts of our state have never recognized the mere breach of a contract as providing a basis for tort liability.  In contract, however, the complained of act or omission which breaches a contract may also be a negligent act which would give rise to a liability in tort.  In this latter instance, it is the act and not the breach of the contract which serves as the basis for the tort claim.  Where the parties have entered into a contract, our common law has imposed the duty to perform with skill, care, and reasonable expedience and faithfulness in

> regard to the thing to be done or accomplished
> within the contract.  The negligent failure to
> observe and perform any portion of that duty
> gives rise to an action in tort as well as an
> action for breach of contract.

Id. at 193 (citing American Mortgage Investment Company v. Hardin-Stockton Corp., 671 S.W.2d 283, 293 (Mo. Ct. App. 1984)). The relationship between the plaintiff and the defendant "may require the exercise of reasonable skill, diligence, and care in the handling of business given over or entrusted to" the defendant, and "a fiduciary duty may arise by the nature of the contract itself." Id.  An action may be brought in tort "if the party sues for breach of a duty recognized by the law as arising from the relationship or status the parties have created by their agreement." Id. at 193 (citing Business Men's Assurance Company of America v. Graham, 891 S.W.2d 438, 453 (Mo. Ct. App. 1994)).

In concluding that the special relationship exception saved the plaintiff's tort claim from the economic loss doctrine, the Autry Court noted that the plaintiff had alleged that a duty had arisen from the relationship between itself and the defendants, and then noted evidence from the record supporting that allegation. Autry, 332 S.W.3d at 194.  That evidence included a proposal indicating the existence of a "financial partnership;" a loan agreement designating one defendant as the plaintiff's attorney-in-fact; the plaintiff's deposition testimony that a defendant made certain assurances; and evidence that one defendant was entrusted with care for plaintiff's insurance policy coverage.  Id. Recognizing that the plaintiff's claim was based upon the conduct

- 6 -

of the defendants, rather than on the condition of the inventory, the Court concluded that the defendants were not entitled to judgment in their favor based upon the theory that the economic loss doctrine barred the plaintiff's claim.   Id.

In Count II of the instant Petition, Plaintiff alleges that Defendant owed a duty to perform its management duties with care, and was negligent inasmuch as it breached its duty to exercise reasonable care.   Contrary to Defendant's assertion, the economic loss doctrine does not operate as an insuperable bar to the relief Plaintiff seeks in Count II, inasmuch as the special relationship exception may save it.   Having reviewed Plaintiff's Petition and construed it in Plaintiff's favor, the undersigned cannot conclude that Count II lacks facial plausibility, see Bell Atlantic Corp., 550 U.S. at 545, inasmuch as plaintiff has plead factual content raising the right to relief above the speculative level.   Schaaf, 517 F.3d at 549.

Although Defendant states that the special relationship doctrine is inapplicable, resolution of this issue would require examination of matters outside the pleadings, including the agreement between the parties.   See Autry, 332 S.W.3d at 194 (examining evidence such as a proposal, a loan agreement, and deposition testimony to determine the existence of a special relationship).   It is therefore not appropriate for resolution under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   While Rule 12 permits the trial court to convert a Rule 12(b)(6) motion to dismiss to a motion for summary judgment if the court considers

matters outside the pleadings, the court may do so provided that all parties have had a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56," Fed.R.Civ.P.12(d).  Such is not the case here.  This case is in the early stages of litigation, and neither party has presented a full set of submissions, including properly authenticated copies of relevant documents, that would be required for this Court to fully assess the parties' positions in summary judgment.  See Stuart v. Gen. Motors Corp., 217 F.3d 621, 635 n. 20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed.R.Civ.P. 56(e).  Documents which do not meet those requirements cannot be considered.")

The undersigned recognizes that, in response to the instant Motion, Plaintiff conceded the dismissal of Count II without prejudice.  In reply, however, Defendant did not consent, but instead objected to Plaintiff's attempt to voluntarily dismiss Count II and insisted upon dismissal with prejudice on the grounds that Count II was barred by the economic loss doctrine.  As explained above, the undersigned cannot conclude that Count II is barred by the economic loss doctrine, and therefore declines to dismiss Count II with prejudice based upon that proposition.  Recognizing Plaintiff's consent to dismissal without prejudice, the undersigned also declines to deny Defendant's Motion outright and leave Count II stand.  Therefore, the undersigned will dismiss

Count II without prejudice.   Fed.R.Civ.P. 41(a)(2).

    **B.   Count III**

        In  Count  III,  alleging  fraudulent  misrepresentation, Plaintiff sets forth numerous allegations that it alleges entitles it to relief.   Defendant moves for the dismissal of Count III on the grounds that it is not plead with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.[2]   In response, Plaintiff  argues  that  Count  III  is  sufficiently  plead,  and alternatively states that "the appropriate relief to be sought would be for an Order of More Definite Statement, and as such, Defendant's Motion for Dismissal on this Count is inappropriate as well  as  unfounded."   (Docket  No.  15  at  page  2).   Review  of Defendant's Motion reveals it to be well-taken.

        The Federal Rules of Civil Procedure provide that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed.R.Civ.P. 9(b).   Determination  of  whether  Plaintiff  has  indeed  done  so  in Count III requires examination of the elements Plaintiff must prove in order to state a claim for fraudulent misrepresentation under Missouri  law.   In <u>Renaissance Leasing, LLC v. Vermeer Mfg. Co.</u>, the Missouri  Supreme  Court  listed  the  following  nine  elements  of fraudulent misrepresentation that a plaintiff must prove: (1) a representation;  (2)  its  falsity;  (3)  its  materiality;  (4)  the speaker's knowledge of its falsity or ignorance of its truth; (5)

---

    [2]Defendant does not argue that Count III is precluded by the economic loss doctrine.

the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.  322 S.W.3d 112, 131-32 (Mo. 2010) (en banc) (internal citations omitted).   "A plaintiff's failure to establish any one of the essential elements of fraud is fatal to recovery."  Id. (citing Verni v. Cleveland Chiropractic College, 212 S.W.3d 150, 154 (Mo. banc 2007)).

       The Eighth Circuit has recognized that, "[in order to state a claim for fraudulent misrepresentation,] the petition must allege such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.  . . .  In other words, the petition must plead the who, what, where, when, and how of the alleged fraud."  Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009) (internal citations omitted). This higher degree of notice is intended to allow the defendant to respond quickly and specifically to the potentially damaging allegations.  Id. (internal citations omitted).

       Having examined the pleading requirements for fraud in conjunction with the elements of a claim for fraudulent misrepresentation in Missouri, the undersigned is convinced that Plaintiff has failed to plead with sufficient particularity the required elements.  Plaintiff's Petition fails to set forth the

who, what, where, when, and how of the alleged fraud as required in order to satisfy the stringent pleading requirements for a claim of fraudulent misrepresentation.  See Drobnak, 561 F.3d at 783.   In its Petition, Plaintiff alleges that "Defendant represented to Plaintiff that operations of the Property were on course, that maintenance was up to date, that tenants were satisfactory, that there were no state, municipal, or local ordinance or inspection violations, that all residents had been properly screened and documented, and that Defendant was up to date with all aspects of managing the Property" and also "misrepresented payables relating to the property." (Docket No. 1, Attachment 1, at page 12).  The Petition further states that, "[a]s a direct result of Plaintiff's reliance on Defendant's false statements and fraudulent misrepresentations, Plaintiff has been damaged in an amount in excess of $1.85 Million Dollars." (Id. at pages 12-13).  Plaintiff fails to mention the specific statements that were made, the identity of the individual or individuals who made the statements, or when the statements were made.   Generally, the statements alleged to be fraudulent must be linked to an individual speaker. Vague references to "defendant" as the speaker, as Plaintiff uses in Count III, are insufficient.   Mills v. Polar Molecular Corporation, 12 F.3d 1170, 1175 (2d Cir. 1993).

The undersigned therefore finds Defendant's Motion to be well-taken, inasmuch as Count III of Plaintiff's Petition fails to state a claim for fraudulent misrepresentation with the particularity required by Rule 9(b) of the Federal Rules of Civil

Procedure.  In response to the instant Motion, Plaintiff indicated that the appropriate remedy in such a situation would be to allow it leave to file a more definite statement.  Construing this as Plaintiff's request for leave to file an amended pleading, the undersigned will grant Defendant's Motion but will dismiss Count III without prejudice, and give Plaintiff fourteen days to amend its Petition to comply with the Federal Rules of Civil Procedure. Fed.R.Civ.P. 15(a)(2) (a district court may "freely give leave [to amend the pleadings] when justice so requires.")

        Therefore, for all of the foregoing reasons,

        **IT IS HEREBY ORDERED** that Defendant Village Green Management Company-Missouri, LLC's Motion To Dismiss Count II And Count III Of Plaintiff's Petition (Docket No. 10) is granted to the extent that it seeks dismissal of Counts II and III of Plaintiff's Petition.

        **IT IS FURTHER ORDERED** that Counts II and III of Plaintiff's Petition are dismissed without prejudice.

        **IT IS FURTHER ORDERED** that Plaintiff shall have fourteen days from the date of this Memorandum and Order to file an amended Petition.


                                        _Frederick R. Buckles_
                                        Frederick R. Buckles
                                        UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of November, 2011.

- 12 -